# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BRYAN FARROW,                      :
                                   :
           Plaintiff,              :        C.A. No. K19C-08-041 JJC
                                   :        In and for Kent County
      v.                           :
                                   :
TEAL CONSTRUCTION INC.             :
& HOWARD R. COLEMAN,               :
                                   :
           Defendants/Third-       :
           Party Plaintiffs        :
                                   :
      v.                           :
                                   :
GATEWAY CONSTRUCTION INC.,         :
                                   :
           Third-Party Defendant.  :

## ORDER

Submitted: August 19, 2020
Decided: September 24, 2020

On this 24th day of September 2020, having considered Third-Party Defendant Gateway Construction, Inc. ("Gateway")'s renewed motion to dismiss, and Third-Party Plaintiffs Teal Construction, Inc. and Howard R. Coleman (collectively "Teal")'s response in opposition to that motion, it appears to the Court that:

1.      Gateway previously moved pursuant to Superior Court Civil Rule 12(b)(6) to dismiss Teal's initial third-party complaint. As explained in the Court's June 22, 2020 decision, the first pleading failed to state a claim upon which relief could be granted.[1] The Court then permitted Teal twenty days to amend its third-

---

[1] *Farrow v. Teal Constr. Inc.*, 2020 WL 3422401, at *3 (Del. Super. Ct. June 22, 2020).

party complaint to state a claim for implied indemnification against Gateway.[2] Teal did and now Gateway renews its motion to dismiss.

2. In deciding this motion, the Court considers only the facts alleged in Teal's amended third-party complaint. When doing so, the Court must draw all reasonable inferences in the light most favorable to Teal. Here, those facts and inferences include: Teal was the general contractor at a work site; Gateway was its subcontractor; the two contractors had a long history of working together in that capacity; Mr. Coleman drove Teal's dump truck at a work site on February 25, 2019; Mr. Farrow, while in the course of his employment with Gateway that day, stood near the dump truck; Gateway also positioned a supervisor next to the dump truck; Mr. Coleman reversed the truck, and then struck, and injured Mr. Farrow; Gateway created a dangerous condition at the work site by placing its personnel in an unsafe area around dangerous equipment (the dump truck); Teal had no knowledge that the situation was dangerous; and Gateway knew the danger but nevertheless continued its work at the site.

3. After his injury, Mr. Farrow sought workers compensation benefits from Gateway. Apart from that, he also sued Teal in tort. In response, Teal filed third-party claims against Gateway seeking contribution and indemnification. At the outset, workers' compensation exclusivity bars Teal's third-party contribution claim against Gateway.[3] Furthermore, in its first Order, the Court granted Gateway's motion to dismiss Teal's third-party express indemnification claim.[4] Namely, Teal could identify no term in a contract with Gateway that expressly required Gateway

---

[2] *Id.*

[3] *Id.* at *1; *See* 19 *Del. C.* § 2304 (providing that "[e]very employer and employee … shall be bound by this [WCA] chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.").

[4] *Farrow*, 2020 WL 3422401 at *3.

2

to indemnify it. Accordingly, Teal's only potential claim hinges on the concept of implied indemnification. Teal's initial third-party complaint alleged only specific allegations of negligence. As a result, it did not place Gateway on fair notice of its claim for implied indemnification.

4. In its amended pleading, Teal now alleges additional facts. Teal contends that it now provides reasonable notice of its claim based upon an implied covenant that it perform its services in a workmanlike manner.[5]

5. When deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pled allegations in the third-party complaint as true.[6] The test for sufficiency is a broad one: the pleading survives a motion to dismiss if the third-party plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof.[7] Delaware is a notice pleading jurisdiction.[8] When evaluating Rule 12(b)(6) motions, however, the third-party complaint defines the universe of facts that the Court may consider.[9]

6. Teal seeks implied indemnification pursuant to one or more of the three potential scenarios articulated by the Delaware Supreme Court in *Diamond State Telephone Co. v. University of Delaware*.[10] That Supreme Court decision, consistently with the case law it relied upon, wrapped the concept of implied duties and breaches into three combined factual scenarios that generate implied promises.

---

[5] *See id*. at *2 (citing *Diamond State Tel. Co. v. Univ. of Del*., 269 A.2d 52, 57-58 (Del. 2006)(summarizing the three situations where the employer may be liable to a third party as including "instances where the employer creates a dangerous condition on the third party's premises which causes injury to the employee, instances where the employer knowingly permits the employee to work under dangerous conditions which may have been caused or created by the third party, and instances where the employer activates a latent dangerous condition caused or created by the third party which, in turn, causes injury to the employee")).

[6] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[7] *Id.* (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952)).

[8] *VLIW Tech., LLC v. Hewlett-Packard Co*., 840 A.2d 606, 611 (Del. 2003).

[9] *In re General Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).

[10] *See* Teal Am. Compl. ¶ 15 (a)-(e).

Those identified scenarios, in turn, permit implied indemnification claims that bypass exclusivity. When deciding *Diamond State Telephone Co.*, the Court adopted what was then the minority rule.[11] According to *Larsen's Worker's Compensation* treatise, it remains the minority rule to this day.[12]

7.     Teal's amended third-party complaint places Gateway on fair notice of claim based upon one of the three *Diamond State Telephone* scenarios. That scenario includes cases where (1) an employer enters a site to perform services, and (2) while on the site, the *employer* creates a dangerous condition, (3) that the third-party did not discover.[13]

8.     As in its original pleading, Teal alleged that Gateway breached the Implied warranty of workmanlike conduct. For notice pleading purposes, where there are three distinct categories of such claims, simply doing so was insufficient for Rule 12(b)(6) purposes. Teal, however, now adds facts that bridge the gap and place Gateway on fair notice of the discrete scenario that it alleges. Namely, it alleges that a dangerous condition existed on the work site -- a condition that included a reversing dump truck and a work related zone of danger around that dump truck. It further alleges that Gateway created the dangerous condition by improperly positioning its personnel and by improperly supervising them. Teal also alleges that Gateway knew the conditions to be dangerous but continued its work on the site. Teal also alleges that it was unaware of the dangerous condition and that Gateway failed to warn its driver about Mr. Farrow's location. Finally, Teal alleges a long-standing relationship between the two contractors. When viewing the amended third-party complaint in its entirety, including the facts alleged and the long-standing relationship between the parties, there is a reasonable inference that the two

---

[11] *Davis v. R.C. People, Inc.*, 2003 WL21733013, at *2 (Del. Super. Ct. July 25, 2003).

[12] 11 LEX K. LARSON, LARSON'S WORKERS' COMPENSATION § 121.01 (Matthew Bender, 2019).

[13] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 57 (Del. 2006).

contractors coordinated safety measures. For Rule 12(b)(6) purposes, there is a further reasonable inference available that Gateway controlled the safety procedures designed to remedy this dangerous condition.

9. In its motion to dismiss, Gateway contends that Teal's amended complaint fails to touch on at least one element in each of the three separate *Diamond State Telephone* categories. Gateway is correct as to two of the three. However, as to the scenario discussed above, Gateway's opposition focuses primarily on the lack of complexity involved in a truck-pedestrian accident. In other words, it argues that Teal does not allege a dangerous condition but merely alleges that a truck backed into a pedestrian.

10. Gateway's argument hinges, however, on only one conceivable inference. When providing Teal the appropriate deference due in a motion to dismiss, the pleading alleges a conceivable basis for recovery. Namely, it alleges that (1) at least two Gateway employees helped Teal spread blacktop, (2) while doing so they stood too close to the dump truck in the driver's blind spots, and (3) they did so under circumstances where it was Gateway's responsibility to coordinate safety around the dump truck. Ultimately, the facts of record may tell a different story after discovery. In the meantime, Gateway's motion to dismiss must be denied.

**WHEREFORE**, Third-Party Defendant Gateway Construction, Inc.'s motion to dismiss must be **DENIED**.

/s/Jeffrey J Clark
Judge

5